**Juanita K. GIBSON et al.**

v.

**Kenneth BUTLER et al., Claiborne County Board of Education et al.**

Supreme Court of Tennessee.

July 3, 1972.

Rehearing Denied Sept. 5, 1972.

Charles Hampton White, Nashville, for appellants.

C. Howard Bozeman, Knoxville, William G. Harrell, Tazewell, for appellees.

## OPINION

McCANLESS, Justice.

Sixteen persons, who averred they were teachers as defined by Section 49–1401, Tennessee Code Annotated, and were employed in the Claiborne County school system during the 1970–71 school year, filed their complaint against the members of the Board of Education and the Superintendent of Schools of the county. Each alleged that at a meeting held on April 15, 1971, the Board had transferred certain of them, effective the next school year to positions' different from and less desirable than the ones they then held, and that the Board had not reelected certain of the others, and that by transferring and discharging them had violated their rights under the Teachers' Tenure Law. They prayed that the court reinstate them to their former positions and award them damages. The complaint in separate paragraphs alleged the status of each plaintiff, his service and qualifications, and the Board's action as to him.

Six of the seven Board members answered, denying that there was any wrong doing or illegality in the Board's action at the meeting of April 15, 1971, thus joining issue with the plaintiffs' allegations. The other Board member and the County Superintendent answered, admitting the averments.

The Chancellor heard the testimony of many witnesses and soon after the hearing he delivered a written opinion and finding of facts, entering a decree in favor of cer-

tain of the plaintiffs and against the Board and in favor of the Board and against certain other plaintiffs. Both the Board and the unsuccessful plaintiffs have appealed.

Five of the plaintiffs are not parties to the appeal either as appellants or appellees; before the hearing the Board had restored three of them to their former positions; another had agreed to accept his new assignment; and still another had left the county and accepted other employment.

The Chancellor decreed that the following plaintiffs had acquired tenure and had been wrongfully discharged or demoted without notice and without the preferring of charges against them: Wayne Parkey Fugate, Juanita K. Gibson, Patsy M. Teague, Betty Sue Pearman, Elizabeth C. Fretwell, and Carson G. Riddle. He found, however, that Patsy M. Teague no longer desired employment in the Claiborne County school system. He ordered that the other five be reinstated in their previous positions and that each be compensated for the financial losses he had incurred. The Board appealed from this part of the decree.

The Chancellor further decreed that six of the plaintiffs had no tenure and that none of them therefore was entitled to notice of his discharge or transfer. These plaintiffs were: Ruth Ann Fugate, Santa Faye Neely, Virgie P. Rader, Barbara A. Sharp, Hollis F. Cole, and Sonny Ray Warman. The Chancellor dismissed the suits as to them and they have appealed.

The Board of Education and the County Superintendent of Claiborne County are elected by the people. The Superintendent, James Clay Neely, has held his office since September, 1968. The record indicates that he worked in harmony with the majority of the Board until the election of August, 1970, after which six of the seven Board members opposed him; he then had little communication with the majority of the Board.

Two days before a meeting of the Board on April 15, 1971, six members met at the office of one of the members and agreed on a list of the teachers and other employees of the school system that they would elect at the official meeting. Neither the Superintendent nor the seventh Board member had been invited to this meeting, and the Superintendent did not make known to the Board his recommendations until the meeting of April fifteenth.

When the meeting convened on the fifteenth, the Superintendent made his recommendations but a motion to adopt them failed for want of a second. Thereupon the Board, by a vote of six to one adopted the list that had been agreed upon and which included some forty-five changes, including those involved in this suit.

The uncontroverted facts clearly show that an unfortunate relationship existed between the Superintendent and the Board of Education; but the Chancellor, who heard and observed the witnesses, expressed the opinion that there had been no conspiracy among the six Board members to deprive any of the plaintiffs of his rights. We find no reason to disturb this finding.

The rights and liabilities of the parties must depend on the application to the facts of the provisions of the Act.

■ Wayne Parkey Fugate, Juanita K. Gibson, and Betty Sue Pearman each enjoyed tenure as a teacher and the Board demoted each without notice and without the preferring of charges. The Chancellor properly ordered that each be restored to his former position and that he be compensated for the financial loss suffered until such time as he should be so restored. Each was entitled to notice and to written charges justifying his dismissal or demotion. Sections 49–1414 and 49–1415, T.C.A. Each was entitled to an opportunity to be heard by the Board. Section 49–1416, T.C.A.

Elizabeth Fretwell had served as an employee of the school system in the "Headstart" program in Claiborne County for a total of seventeen months when she was

employed as a regular teacher for the 1969–70 school year and served for ten months. The Board re-elected her and she served during 1970–71. Her total service before her re-election for the 1970–71 school year was twenty-seven months, and, if she is entitled to credit for the seventeen months of the "Headstart" service, she had acquired tenure.

■ The "Headstart" program, though financed with federal funds, was a program of the county school system. The Board of Education employed the necessary personnel and disbursed the funds for the program by its officers. The circumstance that the funds came from the Federal Government is immaterial and Elizabeth Fretwell is entitled to credit for the "Headstart" period of her service on her probationary period. Since she is shown to be qualified otherwise she enjoys permanent tenure.

■ Carson G. Riddle held tenure in the Claiborne County school system when he was made Deputy Director and later Director of the "Neighborhood Youth Corps", another federally financed program of the school system. The Board without giving him notice and without preferring charges assigned him as principal of Speedwell Academy at a substantial decrease in salary and a substantial increase in transportation expense.

In State ex rel. v. Yoakum, 201 Tenn. 180, 297 S.W.2d 635 [1956], the Court said:

" . . . Where it is shown that there is an arbitrary or capricious use of power being exercised by those in authority the courts will not tolerate the use of this power. The presumption of good faith which is ordinarily accorded to officials of the kind cannot prevail and stand where it is shown as is shown by the allegations of fact here of an arbitrary and capricious use of power in transferring these teachers.

"The law will not require these teachers to exhaust an administrative remedy when to do so under the averments of the facts herein would be a useless thing. When it is shown that it would be useless, the board who finally is to act on their appeal has already acted, then these parties may ask the assistance of the courts in the vindication of their rights."

This language is especially appropriate in its application to the facts disclosed by this record.

The Chancellor decreed correctly that the Board wrongfully dismissed Elizabeth Fretwell and wrongfully demoted Carson G. Riddle, and that each be restored to his former position and compensated for his financial loss.

Each of the plaintiffs bases his claim for relief on alleged violations by the Board of his rights guaranteed him by the Teachers' Tenure Act. We have considered and have expressed our opinion concerning the claims by those plaintiffs who have tenure and to whom the Chancellor granted relief. We now consider the claims of those plaintiffs who, although admitting they have not acquired tenure, nevertheless insist that they are protected by the Act.

■ The Teachers' Tenure Act provides a means by which teachers, as therein defined, of the public schools of the State acquire tenure. It affords protection to those who acquire tenure but none to those plaintiffs in this case who have not acquired it.

In Shannon v. Board of Education, 199 Tenn. 250, 286 S.W.2d 571 [1956], the Court said:

"Where a teacher has not acquired tenure status his right to a judicial review of any action of the Board in not reemploying him is not authorized by law. He is not entitled to reelection as a matter of right beyond a contract period."

This rule must be applied to all the plaintiffs who had not acquired tenure—that is, to those who have appealed the Chancellor's decree—and alike to those whom the Board did not reemploy and to those to whom reemployment in different positions, at reduced compensation, or with less authority or prestige, was offered.

Admittedly none of the plaintiffs, Virgie P. Rader, Hollis F. Cole, Santa Faye Neely, Ruth Ann Fugate, or Barbara A. Sharp, had tenure status. The Chancellor properly dismissed the complaint as to them. We find their appeals to be without merit; accordingly we dismiss them.

We are not persuaded to modify in any way the rule of Shannon v. Board of Education, supra. The Court's opinion in that case has stood as authority for many years and we should not disturb it. If the rule is to be changed the General Assembly and not the courts should make the change.

We have considered the assignments of error, which the appellants have filed, and overrule them all. We affirm the decree of the Chancellor and remand the cause to the Chancery Court for such action as the Chancellor may find necessary for the enforcement of his decree.

We adjudge all the costs against the Board of Education of Claiborne County.

DYER, C. J., CHATTIN and CRESON, JJ., and JENKINS, Special Justice, concur.

## ON PETITION TO REHEAR

The petitioners, members of the Board of Education, have filed their petition to rehear. They insist that under the authority of State ex rel. Pemberton v. Wilson, Tenn., 481 S.W.2d 760, which we decided recently, we should have held that the board properly transferred, without preferring charges against them, the plaintiffs, Wayne Parkey Fugate, Carson G. Riddle, and Betty Sue Pearman, all of whom held administrative positions with the board. But the Pemberton case is not controlling: there the employee was transferred under circumstances that did not amount to a demotion; here each of the three employees was transferred to a position of lesser responsibility and suffered a reduction in compensation. Each was demoted.

The petitioners contend that Elizabeth C. Fretwell, one of the plaintiffs, had not acquired tenure when the board dismissed her. We hold, for the reasons the Chancellor gave and which we have expressed in our opinion, that this plaintiff had acquired tenure at the time the board dismissed her. The petitioners insist that because this plaintiff did not receive her certificate as a teacher until September, 1969, she had not attained tenure status at the time of her discharge. We do not agree with this insistence; Section 49–1402, T.C.A., which sets forth the requirements for the attaining of permanent tenure by a teacher provides, among other things, that the teacher must hold "a valid professional certificate" but it does not require that the teacher obtain it at any particular time.

We overrule the petition of the members of the board.

Certain of the plaintiffs, who did not enjoy tenure, insist that they are entitled to relief because the actions the board took with respect to them were in derogation of their right to freedom of speech as guaranteed them by the first amendment to the Constitution of the United States. The record does not support the insistence of these plaintiffs that the board took action against any of them because of their exercise of their right of free speech. We consider, therefore, that the opinion of the Supreme Court of the United States in Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, decided on June 29, 1972, is inapplicable.

We overrule this petition also.