Carrie G. MITCHELL, Appellant,

v.

Maxie GARRETT, Superintendent of Schools, Pickett County, Tennessee, et al., Appellees.

Supreme Court of Tennessee.

April 15, 1974.

Charles Hampton White, Cornelius, Collins, Higgins & White, Nashville, for appellant.

John A. Turnbull, Roberts & Turnbull, Livingston, for appellees.

## OPINION

W. M. LEECH, Special Justice.

This is an action brought by a tenure teacher, Carrie G. Mitchell, seeking an order restoring her to her former position as Supervisor of Instruction and Materials Director of the Pickett County School System following an alleged demotion to

"classroom teacher". The Chancellor found no demotion and thus refused to grant the requested order. Appeal was thereupon brought direct to this Court pursuant to T.C.A. § 49–1417, which provides for "appeal to the Supreme Court, where the cause shall be heard on the transcript of the record from the chancery court."

The facts as ascertained from the transcript are as follow:

The Pickett County School System consists of one physical plant which houses both an elementary and a high school. In these two schools are approximately forty-five teachers. Since the 1969–70 academic year, the plaintiff had served as Supervisor of Instruction and Materials Director for the Pickett County School System. In this capacity, she supervised the work of the forty-five teachers in the Pickett County School System, visited classrooms to observe teaching methods, prepared and evaluated Federal Aid to Education projects and distributed to teachers materials which they had requested for use in their classrooms. The plaintiff had an office in the "central office" of the school system.

On September 1, 1972, the defendant, Maxie Garrett, the Superintendent of the Pickett County School System, advised the plaintiff that she would be assigned to a classroom teaching position as a kindergarten teacher in the elementary school for the 1972–73 school year. Since no charges had been filed against the plaintiff and as the classroom teaching position represented a substantial reduction in pay, the plaintiff requested a hearing before the Pickett County Board of Education. At this hearing, held on September 26, 1972, the defendant, Maxie Garrett and the members of the defendant, Pickett County Board of Education, admitted that there were no charges outstanding against the plaintiff and that her transfer from the position of Supervisor of Instruction and Materials Director to a kindergarten teaching position was within the perogative of the Board of Education.

Thereupon, plaintiff filed suit in the Chancery Court of Pickett County, seeking to be reinstated in her former supervisory position and for monetary compensation resulting from her alleged demotion. On April 26, 1973, after hearing all the evidence with respect to the allegations contained in the original complaint, the Chancellor stated:

"It is my opinion, and I hold that if the teachers' tenure law means anything at all, . . . this teacher could not have been demoted and transferred and her salary reduced without notice, and without a hearing, and without any justification on the part of the Board of Education. I hold in this case that Mrs. Mitchell was wrongfully transferred and demoted and that she must be restored under the teachers' tenure law to the position that she held prior to the time that the Board undertook to replace her."

Subsequently, on May 30, 1973, the Chancellor prepared and filed his Memorandum Opinion, setting forth his findings of fact and conclusions of law, stating:

"I further hold that the action of the Board was motivated not for the good of the System, but that the same was motivated by politics if not also by malice and ill feeling toward the plaintiff. Such action by the Board amounted to a demotion both in position and in the salary."

On May 14, 1973, before the Court entered its Memorandum Opinion and before the Final Decree was entered, the Pickett County Board of Education met and transferred the plaintiff from her teaching position as a kindergarten teacher in the Pickett County Elementary School to the Pickett County High School for the school term 1973–74. As a result of the Board's action, on June 13, 1973, the plaintiff filed a petition in the Chancery Court of Pickett County seeking an order to set aside the May 14, 1973 action of the Pickett County Board of Education.

A Final Decree reflecting the action of the Court on April 26 and prepared in accordance with the Court's Memorandum Opinion of May 30, 1973 was not entered until June 11, 1973, and it provided for an appeal to this Court by defendants.

On July 18, 1973, a hearing was held on the plaintiff's petition. At this time, the defendants insisted that although the May 14, 1973 letter did not so specify, nor did the minutes of the Pickett County Board of Education so recite, the plaintiff was elected to serve as Assistant Principal of the Pickett County High School. Also, Maxie Garrett testified that the salary which the plaintiff would receive as Assistant Principal of the Pickett County High School would be the same as she would have received had she been restored to her former but now non-existing position as Supervisor of Instruction and Materials Director. In addition, the following testimony was given to explain the May 14th action of the Board:

"Q. Now why Mr. Garrett did you feel like it was necessary for the '73–74 school year that she be transferred? Just explain that to the Court.

"A. The 87th General Assembly . . . last September when I took office, we had, . . . the 87th General Assembly had passed new laws saying one supervisor, one attendance. I had a telephone call from Mr. Joel Shore, who was in charge of equalization, and we had turned in both of those positions as half time; with some conversation, he said, in no way will we pay the supervisor . . .

"Q. Well after receiving communications from the State Department of Education was it your understanding that you could not receive State money for anyone who held the exact position that Mrs. Mitchell held last year?

"A. Yes.

"Q. And based on that, did you feel that some transfer had to be made, or else the County Court here had to come up with the money, one or the other?

"A. Yes sir, we had had one position that was split, and I had been informed not to have this this year. We had had one split position for the 1972–73 school year. I had been informed by the State department that they would not accept this in '73–74.

"Q. Now Maxie, therefore, I believe you all voted in the meeting to transfer Mrs. Mitchell to the high school. Was it your intention at that time to demote her in any way, or to pay her the salary that she would have received as Materials Director and Supervisor of Teachers, had she still had that position?

"A. In no way.

"Q. In no way what?

"A. In no way were we going to demote her. The Board and I wanted to comply with the Court's decision to pay her exactly what the Court had demanded she be paid; and place her in a position where there would be no discrimination against any other teacher . . .

"Q. In other words, if you had placed her just in a teaching position, some other teacher might have complained because they weren't getting the supplement that she was?

"A. Yes sir.

"Q. And there's just not too many positions, . . . let me ask you this Max, how many positions are there in the school system of Pickett County that have similar responsibilities to the Supervising Teacher and Materials Director?

"A. We have Materials Director, or we have Supervisor, one full time Supervisor, one full time Attendance Teacher, one full time Federal position; we have one guidance counselor; one elementary principal; one high school principal; one assistant high school principal, and that's . . . .

"Q. That's it; now was every one of these other positions filled for last year? That you're talking about.

"A. Yes sir."

Having heard the testimony of the plaintiff and the defendant, Maxie Garrett, the Court concluded that the plaintiff, a tenure teacher having twenty-seven years service in the Pickett County School System had not been demoted because:

"The position of Assistant Principal at the Pickett County High School is comparable to the position of Supervisor and Materials Director of the Pickett County School System."

In addition, the Chancellor ordered, adjudged and decreed that:

". . . by her transfer from the position of Supervisor and Materials Director to that of Assistant Principal of the Pickett County High School, the plaintiff has not been dismissed, suspended, or demoted within the meaning of Section 49–1401 of the Tennessee Code Annotated by the May 14, 1973 action of the defendants, and that her transfer from her position as Supervisor and Materials Director to the position of Assistant Principal at the Pickett County High School was not a demotion within the meaning of the Tennessee Teacher's Tenure Act, as she will receive the same or equivalent salary; accordingly, her petition is without merit and should be dismissed."

The Assignments of Error are:

"1. The Chancellor erred in finding and concluding that the plaintiff was not demoted . . .

2. The Chancellor erred in finding and concluding that the plaintiff . . . was not entitled to retain her position. . . ."

Although two assignments of error are made, one issue will resolve the case at bar. The sole question is whether the plaintiff's "transfer" was in violation of the express requirements of the Code.

"Transfer" is defined in T.C.A. § 49–1401(7) as follows:

" 'Transfer'—removal from one position to another position under jurisdiction of the same board."

And the word "teacher" is defined in T.C.A. § 49–1401(1) to include "teachers, supervisors, principals, superintendents and all other certificated personnel employed" by the board. Having defined two essential terms involved herein we must now turn to the Code to ascertain whether plaintiff's transfer was proper.

The statute applicable to the instant case is T.C.A. § 49–1411, which provides in pertinent part that:

"The superintendent, with the approval of the board, when necessary to the efficient operation of the school system, may transfer a 'teacher' from one location to another within the school system, or from one type of work to another for which he is qualified and certificated . . ."

The foregoing statute was applied to a case factually similar to the instant case, State ex rel. Pemberton v. Wilson, 481 S.W.2d 760 (Tenn.1972). Therein, the plaintiff had held the county supervisory position of Attendance Teacher for a period of seventeen years. She was transferred from that position to the position of classroom teacher at a reduced salary. However, this latter position required twenty less work days per year and she was not required to drive as far in order to get to her new job. The Chancellor held that the "transfer" was a demotion. Upon appeal to this Court, we held that the transfer was proper and within the discretion of the superintendent and board, so long as the transfer was not the result of arbitrary or capricious conduct.

In addition, this Court stated in State v. Yoakum, 201 Tenn. 180, 297 S.W.2d 635

(1956), that "[n]o teacher under the tenure law is guaranteed continuity of employment in a particular assignment or school."

It is the opinion of this Court that *Pemberton* and *Yoakum* are controlling in the instant case. Therefore, the plaintiff had no tenure in the exact position she was holding and she could be properly transferred at the board's discretion. Having reached this conclusion, the only question remaining is whether or not the defendants' action herein was arbitrary or capricious.

■■ After reviewing the transcript in this cause, we are unable to say that the act of the board and the superintendent was arbitrary or capricious. Moreover, we must presume that the actions of a board or superintendent are not arbitrary or capricious, but are reasonable and fair unless there is clear evidence to the contrary. *See, e. g.,* Blair v. Mayo, 224 Tenn. 108, 450 S.W.2d 582 (1970). Herein, no such clear evidence exists, but rather from the events which transpired at the board meeting on May 14, 1973, it appears that the superintendent and board tried diligently to resolve the problem resulting from the abolition of plaintiff's former position in a manner which would make for the most efficient operation of the Pickett County School System. Furthermore, having made an exhaustive search of the transcript, we find no arbitrary or capricious acts on their part.

It results, therefore, that petitioner's assignments of error are overruled and the Chancellor's decree is sustained.

DYER, C. J., McCANLESS and FONES, JJ., and JENKINS, Special Justice, concur.

OPINION ON PETITION TO REHEAR

W. M. LEECH, Special Justice.

Appellant, Carrie G. Mitchell, has filed a petition to rehear wherein she contends that the instant decision is in direct conflict with Gibson v. Butler, 484 S.W.2d 356 (Tenn.1972), and that the instant decision fails to consider the "alleged" fact that the position of Supervisor of Instruction and Materials Director was *not* abolished. The two aforementioned contentions are the only matters raised in the petition.

■ With the foregoing in mind, it should be reiterated that Supreme Court Rule No. 32 provides in pertinent part that:

"A rehearing will be refused where no new argument is made, and no new authority adduced, and no material fact is pointed out as overlooked."

Applying said rule to appellant's petition, we find that *Gibson,* supra, was fully discussed in appellant's original brief and thus no new argument is now made and no new authority is now adduced. In addition, this Court did not overlook any material fact and the mere fact that this Court's interpretation of a given fact differs from appellant's interpretation does not mean that we overlooked something. Moreover, in the instant case, it is evident from the total record that the position formerly held by the appellant no longer existed at the time of the May 14th meeting of the Board and thus, appellant's contention that the position was not abolished is erroneous. Thus, pursuant to the authority of Rule 32 this petition should be denied.

■ Moreover, appellant, in stating that *Gibson,* supra, is in conflict with the instant case, shows a basic misconception of our holding in both *Gibson* and the instant case. In *Gibson,* this Court simply held that under those particular facts that the Claiborne County Board of Education had acted arbitrarily and capriciously in "transferring" certain tenured teachers and therefore said transfer was a demotion. In the instant case, however, we find no arbitrary or capricious action in the Board's Act of transferring appellant from one supervisory position to another supervisory position. Having so found, there

was no demotion and appellant's rights under T.C.A. § 49–1411 were not violated.

The aforesaid being true, it necessarily follows that appellant's petition to rehear is denied.

DYER, C. J., and CHATTIN, McCANLESS, and FONES, JJ., concur.