James D. RANSOM

v.

Anthony GRUBBS and Louise Grubbs.

Court of Appeals of Tennessee,
Western Section.

March 9, 1978.

Certiorari Denied by Supreme Court
May 15, 1978.

C. W. Miles, III, Union City, James H. Warren, Fulton, Ky., for plaintiff-appellant.

Lloyd S. Adams, Jr., Humboldt, for defendants-appellees.

SUMMERS, Judge.

James D. Ransom, plaintiff-appellant, sued Anthony Grubbs and Louise Grubbs, defendants-appellees, in the Obion County Circuit Court for personal injuries sustained when he fell and was injured on defendants' property.

Defendants made a motion for a directed verdict which was overruled, and the case went to the jury. The jury was unable to agree on a verdict, and a mistrial was declared. The defendants then renewed their motion for a directed verdict, and the motion was sustained. (Rule 50.02 TRCP)

Plaintiff appealed and assigned as error: The Trial Court erred in setting aside the Order of Mistrial and in directing a verdict for the defendants in accordance with their Motion for a Directed Verdict made at the conclusion of all the proof.

*Vaughn v. Shelton,* Tenn.App., 514 S.W.2d 870 (1974), and *Ridley v. Spence,* Tenn.App., 456 S.W.2d 846 (1970), set the guidelines for a judge to follow in deciding if a directed verdict is proper.

"The rule for determining a motion for directed verdict requires the trial Judge and the reviewing Court on appeal to look to all the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, to allow all reasonable inference from it in his favor and to discard all countervailing evidence, and if there is then any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied."

Plaintiff is the uncle by marriage of defendant, Anthony Grubbs, and the principal witness, William Alfred Jackson. Grubbs and Jackson are first cousins.

Jackson had purchased a mini-bike which was not operating properly. On March 27, 1976, he called his cousin, Anthony Grubbs and asked him to examine the bike and make some adjustments. Grubbs was busy, but he advised Jackson that he would look the bike over if it were brought to his house. Jackson informed Grubbs that his automobile was not available at that time. Grubbs suggested that he get Ransom, their uncle who was visiting at the Jackson home, to bring both him and the mini-bike over to

this place, saying: "I haven't seen him [Ransom] in a while, and I'd like to see him anyway."

When plaintiff and Jackson arrived at the Grubbs home, they were informed that Grubbs was working in his private garage located to the rear of the home. Plaintiff and Jackson walked toward the garage, plaintiff tripped over a rake which Grubbs had left in high grass near the garage and suffered a broken ankle. He was immediately taken to the hospital.

Defendants insist that plaintiff was a social guest; it is the plaintiff's contention that he was an invitee.

In *Hall v. Duke,* Tenn., 513 S.W.2d 776 (1974), the court concluded that a person who is an invitee must be on the owner's land for either a public or business purpose.

*Olsen v. Robinson,* Tenn., 496 S.W.2d 462 (1973), followed *Walker v. Williams,* Tenn., 384 S.W.2d 447 (1964), and said that a social guest at a home is not at law an invitee but a licensee to whom the owner owes no duty except to refrain from willfully injuring him or from committing negligence so gross as to amount to willfulness nor to set a trap for him.

The defendants' property on which plaintiff fell was used for their home. The garage was Anthony Grubbs' personal garage and was not maintained for the pleasure of the public. It was used as a workshop for him and no one else unless he performed a job therein as an accommodation for a friend, neighbor or relative. There was no public business transacted there. Plaintiff had no business interest when he came on defendants' property. He drove Jackson to the home of the defendants and was going to see the defendants on a social basis.

We find that the plaintiff could be nothing else but a social guest of defendants. As such, he must be placed on the same footing as one of the family and must take the premises as the occupier himself uses them. See: *Hall, supra.*

We further conclude that leaving a rake in the grass would not constitute gross negligence or the setting of a trap for an unwary guest. This is a common practice by many gardeners. One might expect to find garden tools in most rural yards and gardens.

We hold that the trial judge was correct in sustaining the defendants' motion for a directed verdict. The assignment of error is overruled, and the case is dismissed.

Costs are assessed against the plaintiff.

MATHERNE and NEARN, JJ., concur.