**Thomas J. MALONE,
Plaintiff–Appellant,**

v.

**The SHELBY COUNTY BOARD OF ED-
UCATION, Mrs. Hamlett R. Dobbins,
Roland T. Woodson, James W.
Anderson, Homer S. Bunker, Finis
Fields, Sondra Fondren, Cheryl Hall,
Albert F. Haynes and Its Representa-
tives, James W. Anderson (Superintend-
ent), Sara G. Folis (Coordinator of Per-
sonnel Services), James H. Boyd (Prin-
cipal) and Sophia Theodore (Vice–Prin-
cipal), Defendants–Appellees.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 27, 1989.

Permission to Appeal Denied by
Supreme Court May 30, 1989.

Thomas J. Malone, pro se.

Claudia Swafford Haltom, Memphis, for
defendants-appellees.

**McLEMORE, Special Judge.**

This is a proceeding by a school teacher
who was not reemployed against the Shel-
by County Board of Education, et al., to
enforce alleged rights under the Teacher
Tenure Law. T.C.A. §§ 49–5–501 to 49–5–
515. Plaintiff has not employed counsel
and represents himself. The Chancery
Court granted defendants' "Motion to Dis-
miss, or Alternatively Motion for Summary
Judgment or Judgment on the Pleadings."

Plaintiff alleged in his complaint that the
Board originally hired the plaintiff on Au-
gust 16, 1985, and entered into a contractu-
al agreement with the plaintiff on August
17, 1987, as teacher-secondary at Kirby
High School. (1) That the Board breached
the contract on January 28, 1988 by reas-
signing the plaintiff to a teacher-aide/in
school suspension/study hall position. (2)
That the defendant deliberately, unjustly
and discriminatorily fired the plaintiff on
March 31, 1988, on a variety of false
charges and accusations. That there was a
deliberate attempt to deny tenure to plain-
tiff, however, plaintiff already has limited
tenure due to experience of being a substi-
tute teacher, including permanent substi-
tute status for five years. Plaintiff prayed
that he be given reinstatement to his teach-
ing position, that he be given tenure, that
his record be purged, and that he be given
back pay, damages and any other appropri-
ate relief.

The defendant filed an answer denying
all material allegations and specifically de-
nying that the plaintiff had attained limited
tenure status as a Shelby County School
Teacher, and denied that any malicious
charges were made in an attempt to delib-
erately fire the plaintiff. In defense, the
defendants stated that the plaintiff was a
non-tenured teacher and, as such, the
Board failed to renew plaintiff's contract at
the end of its term.

The Board then filed a Motion to Dismiss
for failure to state a claim upon which

relief can be granted or in the Alternative for Summary Judgment. No affidavits were filed with this motion.

The plaintiff filed an answer to the Motion to Dismiss or in the Alternative for Summary Judgment asserting that he had a right to a hearing under the Tennessee Tenure Law. Specifically, plaintiff claimed "limited tenure" by experience. In support of his answer to defendants' Motion to Dismiss or in the Alternative for Summary Judgment the plaintiff filed exhibits. Among these exhibits are:

(1) Copy of Employment Contract between County Board of Education, Shelby County and plaintiff dated 10th day of August 1987 employing plaintiff as Teacher–Secondary in the Kirby High School from the 10th day of August 1987 until the close of the school year. Among the provisions of this contract are the following:

> It is understood that any teacher is subject to transfer at the discretion of the superintendent and Shelby County Board of Education.

> It is understood that this contract is subject to the provisions of all applicable legislative enactments of the General Assembly of the State of Tennessee.

(2) Letter dated January 28, 1988, addressed to plaintiff and signed by Sara G. Folis, Coordinator Personnel Shelby County Schools which states:

> Following an indepth [sic] meeting with Mr. Boyd concerning your teaching at Kirby High School, you will be reassigned to a teacher-aide/in school suspension/study hall position. This is the same position in which you worked in 1985–86. This reassignment is based upon the following documented problems and attempts at remediation:
> (Here follows a list of Problems and Remediation)
> This move is a reassignment within the school to a position which will not result in a decrease in pay. This job will be available to you for the remainder of the school year.
> In light of the fact that you are not a tenured teacher, and in light of these and other on-going problems, you will not be

recommended to the Board to be rehired by Shelby County for the 1988–89 school year.

(3) Letter dated March 31, 1988, addressed to plaintiff and signed by James W. Anderson, Superintendent of Shelby County Schools which simply states: "The Board at its meeting voted not to renew your contract."

(4) Letter dated April 25, 1988, addressed TO WHOM IT MAY CONCERN which is signed by Ricks W. Mason, Jr. Director Division of Employment and Placement, Memphis City School which verifies that plaintiff served as a substitute teacher in the Memphis City School System during the following academic years:

1970–71

1972–73

1973–74

1983–84

1984–85

1985–86

(5) Machine copy of plaintiff's High School Diploma

(6) Machine copy of plaintiff's diploma from Memphis State University conferring the degree of Bachelor of Science on May 30, 1970.

(7) Machine copy of plaintiff's diploma from Memphis State University conferring the degree of Master of Science on May 6, 1978.

In order for a teacher in the public schools of Tennessee to obtain tenure the teacher must meet the requirements of T.C.A. § 49–5–503. That code section is as follows:

> § 49–5–503. Types of tenure.—There shall be two (2) types of tenure for teachers now or hereafter employed in the public schools of Tennessee, as follows:
> (1) "Permanent tenure" shall apply to any teacher who:
> (A) Has a degree from an approved four (4) year college or to any vocational teacher who has the equivalent amount of training established and licensed by the state board of education;

(B) Holds a valid professional license based on training covering the subjects or grades he is teaching;

(C) Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five-year period, the last year to be employed as a regular teacher;

(D) Is reemployed by the board for service after the probationary period; and

(2) "Limited tenure" shall apply to any teacher who is not classified as having "permanent tenure," but who, prior to September 1, 1972:

(A) Has completed two (2) years of college (but less than bachelor's degree), and holds a valid professional license covering the grades or subjects taught or holds a valid examination license covering the grades or subjects taught regardless of the number of years of college completed;

(B) Completes a probationary period of three (3) school years or not less than twenty-seven (27) months within a five-year period, the last school year to be as a regularly employed teacher; and

(C) Is then reemployed by the board for service after the probationary period and maintains continuous "limited tenure" status thereafter.

■ Information alleged in plaintiff's complaint and Answer to defendant's Motion to Dismiss or in the Alternative for Summary Judgment and in the supporting documents which he has filed in the Chancery Court show that he has not completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five (5) year period, the last year to be employed as a regular teacher which is a prerequisite for permanent tenure under the statute.

His contention that his contract was breached because he was not allowed to teach out his third year is without merit. All contracts with public school boards are subject to the provisions of state statutes as is clearly stated in the contract on which he relies. T.C.A. § 49–5–510 provides as follows:

§ 49–5–510. **Transfers within system.**—The superintendent, with the approval of the board, when necessary to the efficient operation of the school system, may transfer a teacher from one (1) location to another within the school system, or from one (1) type of work to another for which he is qualified and licensed. Such a transfer can be made only by the concurrent action of the superintendent and the board.

Thus, the pleadings and exhibits filed by the plaintiff show that plaintiff has not fulfilled the requirements for "permanent tenure."

■ Plaintiff claims "limited tenure" through experience. He states in argument that "plaintiff contends that five years of substitute teaching experience plus two years of college teaching experience should count for something."

We are not permitted in this case to determine what the law ought to be. That is the prerogative of the legislature. We must interpret the law as it is. T.C.A. § 49–5–505 makes clear what is meant by "limited tenure" in Section 49–5–503. We quote the code section in its entirety:

§ 49–5–505. **Limited tenure.**—(a) "Limited tenure" status shall be for a period of three (3) years; acquiring not less than eighteen (18) quarter hours of college credit during the three (3) year period of "limited tenure" entitles the teacher to renewal of his tenure status; and upon receiving proper statement from the college, verifying credits received, the board shall extend the teacher's tenure status for another three (3) year period.

(b) A limited tenure teacher shall become a permanent tenure teacher when he earns a bachelor's degree and has otherwise complied with the provisions of this part.

(c) Provided, that when a teacher on "limited tenure" fails, during any three (3) year period, to meet the foregoing requirements of acquiring at least eighteen (18) quarter hours' credit, he shall automatically lose his "limited tenure"

status and shall not be eligible to again attain "limited tenure" status in any local school system.

(d) Provided that only those teachers who have attained "limited tenure" status prior to September 1, 1972, and who continuously maintain the requirement of this section shall be covered by the provisions of this section.

(e) Provided further that the superintendent of each county, city, and special school system shall establish a roster of "limited tenure" teachers in his respective school system as of September 1, 1972, and shall provide a copy of the roster to the commissioner of education and notify each person on the roster, prior to December 31, 1972, of the provisions pertaining to retaining "limited tenure" status.

An examination of the foregoing statutes makes it clear to us that "limited tenure" is not intended to provide blanket coverage for all non-tenured teachers. Rather, it was intended to provide protection for teachers who had been teaching prior to September 1, 1972, who have college credits less than a bachelor degree and have completed the three years of probationary work in the school system, and who have been reemployed after the probationary period. Plaintiff's experience as a substitute teacher and as a college teacher is of no avail in obtaining "limited tenure."

The plaintiff's pleadings show that he was first hired by the Board in August, 1985, and that he has two degrees.

The defendants acted within the law pertaining to non-tenured teachers. In pertinent parts, T.C.A. Section 49–5–409 provides:

(a) Teachers in service and under control of the public elementary and high schools of Tennessee continue in such service until they have received written notice, from their Board of Education, of their dismissal or failure of re-election.

. . . . .

(b)(2) The notice must be received prior to April 15, to be applicable to the succeeding school year ...

The tenure statute read in conjunction with the termination of contract statute leads to the conclusion that a school board has the right to dismiss or fail to reinstate the contract of a non-tenured teacher, provided the school board gives the teacher written notice prior to April 15 of the year of their contract.

The pleadings and exhibits filed by the plaintiff show that plaintiff has not fulfilled the requirements for either "permanent tenure" or "limited tenure."

In *Gibson v. Butler,* 484 S.W.2d 356, 359 (Tenn.1972), our Supreme Court said:

The Teachers' Tenure Act provides a means by which teachers, as therein defined, of the public schools of the State acquire tenure. It affords protection to those who acquire tenure but none to those plaintiffs in this case who have not acquired it.

In *Shannon v. Board of Education,* 199 Tenn. 250, 286 S.W.2d 571 (1956), the Court said:

"Where a teacher has not acquired tenure status his right to a judicial review of any action of the Board in not reemploying him is not authorized by law. He is not entitled to reelection as a matter of right beyond a contract period."

Additionally, in the *Shannon* case cited by *Gibson,* Chief Justice Neil writing for a unanimous court said:

... [W]e cannot, under the guise of giving the Act a liberal construction, provide a form of judicial review where the teacher has not acquired tenure status, and is not under contract for a definite period.

The rule announced in *Shannon* and approved in *Gibson* must be applied in this case.

Accordingly, the judgment of the trial court is affirmed.

Costs are adjudged against the appellant for which let execution issue, if necessary.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.