# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 27, 2015 Session

## SUSAN WEAVER JONES v. KNOX COUNTY BOARD OF EDUCATION, ET AL.

### Appeal from the Chancery Court for Knox County
### No. 1859972     Clarence E. Pridemore, Jr., Chancellor

---

### No. E2015-00304-COA-R3-CV – Filed December 21, 2015

---

This appeal concerns a tenured teacher's challenge to her transfer to a different job position. Susan Weaver-Jones[1] ("Jones") sued the Knox County Board of Education ("the Board") and Dr. James McIntyre ("McIntyre"), Superintendent of Knox County Schools, ("Defendants," collectively) in the Chancery Court for Knox County ("the Trial Court"). Jones alleged that her transfer from Instructional Coach to classroom teacher was arbitrary, capricious, and contrary to law. Defendants filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). The Trial Court granted Defendants' motion to dismiss. Jones appealed to this Court. We hold that Jones' complaint asserted a claim upon which relief could be granted, and that the Trial Court erred in granting Defendants' motion to dismiss. We reverse the judgment of the Trial Court and remand this case for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. McCLARTY, J., joined.

Richard L. Colbert and Courtney L. Wilbert, Nashville, Tennessee, for the appellant, Susan Weaver-Jones.

David M. Sanders, Knoxville, Tennessee, for the appellees, Knox County Board of Education and Dr. James McIntyre.

---

[1] Ms. Weaver-Jones' name contains a hyphen in her brief, but does not elsewhere in the record. We note the discrepancy.

# OPINION

## Background

This appeal concerns a tenured teacher's legal challenge to her transfer from the position of Instructional Coach to classroom teacher, a transfer she considers to be a demotion. At the end of the 2011-2012 school year, McIntyre transferred Jones, a tenured teacher with Knox County schools, to her new position. In August 2013, Jones sued Defendants in the Trial Court, alleging that her transfer was arbitrary, capricious, and in violation of the requirements of Tenn. Code Ann. § 49-5-510 (2013), which provides:

> The director of schools, *when necessary to the efficient operation* of the school system, may transfer a teacher from one location to another within the school system, or from one type of work to another for which the teacher is qualified and licensed; provided, that *transfers shall be acted upon in accordance with board policy*.

(Emphasis added). Jones also alleged that her grievance process was unduly cut short mid-process. At the heart of Jones' complaint was the allegation that her performance evaluations were not considered by McIntyre, as required. Several exhibits were attached to Jones' complaint to this end. In the achievement and growth measures of her total evaluations, Jones received the highest possible results, according to her complaint. However, Jones acknowledged also having received criticism from a school principal, and receiving an unsatisfactory score of 2 in section 5 regarding classroom coaching.

As Jones' pleadings are central to this appeal, we next quote a portion of her complaint, wherein she alleged the following:

12. During the 2011-12 school year the Plaintiff had a total of two observations. In these observations, comprising 50% of the Plaintiff's total evaluation results, the Plaintiff met or exceeded expectations. In the achievement and growth measures of Plaintiff's evaluation, collectively comprising the remaining 50% of the Plaintiff's total evaluation results, the Plaintiff received the highest possible results.

13. The Defendant McIntyre did not consider the Plaintiff's evaluation results in changing her assignments, as required by state law and by State Board of Education policy.

14. Tenn. Code Ann. § 49-5-510 prohibits transfers that are arbitrary, capricious, or improperly motivated.

15. The transfer of the Plaintiff by Defendant McIntyre without consideration of her evaluation results, as required by state law and by State Board of Education policy, was arbitrary, capricious, and contrary to the requirements of law, and therefore contrary to the limitations on such transfers as set out in Tenn. Code Ann. § 49-5-510.

16. On July 20, 2012, the Plaintiff filed a Step I evaluation grievance in which she claimed that her change in assignments, without consideration of her evaluation results, constituted a failure to adhere to the evaluation policy adopted by the State Board of Education and mandated in all local school systems. A copy of the Plaintiff's grievance is attached as **Exhibit 3.**

17. The Step I grievance was denied, and the Plaintiff advanced the grievance to Step II.

18. The Defendant McIntyre notified the Plaintiff that the Defendants would not act upon her grievance because she allegedly "failed to challenge the accuracy of the data used to evaluate [Plaintiff] and [Plaintiff] do[es] not contest that the State Board of Education policies were met or exceeded." The Defendant McIntyre further notified the Plaintiff that based on his unilateral determination that the grievance was not proper, the Plaintiff would be barred from advancing the grievance further in accordance with the evaluation grievance process. A copy of the notification from the Defendant McIntyre is attached as **Exhibit 4.**

34.[sic] The Defendant McIntyre exceeded his authority in unilaterally prohibiting the Plaintiff from advancing her evaluation grievance.

In October 2014, Defendants filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). Defendants asserted that Jones lacked a redressable grievance because she did not contest the accuracy of the data used in the evaluations. Moreover, according to Defendants, Jones' transfer had a rational basis in that, by her own acknowledgement, Jones had received certain criticism and unsatisfactory marks in her evaluations. Therefore, per Defendants' argument, Jones' transfer could not be arbitrary or capricious. In January 2015, the Trial Court granted Defendants' motion to dismiss. In its final order of dismissal, the Trial Court stated:

After "review of all of the applicable statutory law and relevant cases and upon review of the pleadings and argument of counsel, this Court finds that Ms. Weaver Jones' transfer was not arbitrary, capricious, or contrary to the requirements of the law and that Ms. Weaver Jones' transfer was fair and reasonable; second, that Ms. Weaver Jones filed an improper grievance, and, therefore, the grievance was not entitled to secondary

review; and thirdly, Superintendent McIntyre acted properly in refusing to allow the plaintiff to advance her evaluation grievance. Therefore, defendant's [sic] motion to dismiss is granted." [Transcript, p. 30-31].

Jones timely filed an appeal to this Court.

## Discussion

Although not stated exactly as such, Jones raises the following issue on appeal: whether the Trial Court erred in granting Defendants' motion to dismiss.

Our Supreme Court has discussed the standard of review for motions to dismiss:

A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss " 'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.' "

In considering a motion to dismiss, courts " 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.' " A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (internal citations omitted).

This Court has discussed the legality of transfers of teachers as follows, with a special emphasis on our Supreme Court's decision in *Lawrence County Educ. Ass'n v. Lawrence County Bd. of Educ.*, 244 S.W.3d 302 (Tenn. 2007):

The decision to assign a teacher with coaching responsibilities to a full-time teaching position generally is considered a transfer rather than a dismissal or suspension. *White v. Banks*, 614 S.W.2d 331, 334 (Tenn. 1981). The statutes afford broad discretion to the director of schools to

transfer teachers within the local school system. *See Lawrence County*, 244 S.W.3d at 314; *Metro. Nashville*, 2009 WL 837884, at *4 (quoting *Mitchell v. Garrett*, 510 S.W.2d 894, 898 (Tenn. 1974)). A director of school's decision to transfer a teacher must be " 'made in good faith, in accordance with the criterion set forth in the statute—efficient operation of the school system.' " *Id*. (quoting *McKenna v. Sumner County Bd. of Educ.*, 574 S.W.2d 527, 534 (Tenn. 1978)). A director's decision to transfer a teacher is afforded a presumption of good faith, and the party challenging the decision carries the burden to establish, by a preponderance of the evidence, that the decision was arbitrary, capricious or "improperly motivated." *Lawrence County*, 244 S.W.3d at 315. "The determinative question is whether the transfer could be classified as for the 'efficient operation of the school system.' " *Id*.

*Franklin County Bd. of Educ. v. Crabtree*, 337 S.W.3d 808, 814 (Tenn. Ct. App. 2010).

Therefore, while directors of schools have discretion to transfer teachers, this discretion is not unbounded. Jones points to Tenn. Code Ann. § 49-1-302(d)(2)(A) (2013), which states in relevant part: "The evaluations shall be a factor in employment decisions, including, but not necessarily limited to, promotion, retention, termination, compensation and the attainment of tenure status." Jones' complaint alleges that Defendants failed to consider her evaluation results which is contrary both to state statutory law requiring her evaluations to be a factor in Defendants' employment decision to transfer her as well as State Board of Education Policy 5.201, which requires that evaluations be used to decide, among other things, assignments. Defendants contend, however, that "[B]ecause the transfer was not arbitrary or capricious, Ms. Jones' transfer is presumed to be reasonable."

The major flaw in Defendants' argument is that, while decisions to transfer are in fact presumed to be reasonable and fair, this presumption is rebuttable. It is insufficient and circular for Defendants to state simply that Jones' transfer was reasonable, and rest on that. It begs the question. If Jones' complaint is construed liberally and her factual allegations are taken as true, as they must be at the motion to dismiss stage, then McIntyre improperly failed to consider her evaluation results in making the decision to transfer her.

Defendants argue that because Jones herself acknowledges that she received certain unsatisfactory marks and criticism, the transfer cannot have been arbitrary or capricious. Defendants' interpretation would serve to vitiate any protection for tenured teachers seeking to legally challenge a transfer because under that interpretation potentially any criticism of a teacher's performance, no matter how

-5-

insignificant, could justify a transfer. Such an interpretation is inconsistent with the applicable law, especially our Supreme Court's framework for challenging transfers in *Lawrence County*, referenced above.

Moreover, the Trial Court applied the wrong standard in deciding Defendants' motion to dismiss. Rather than applying the required standard applicable to a Rule 12.02(6) motion to dismiss as discussed above, the Trial Court instead did not take Jones' factual allegations as true for purposes of the motion, made findings, and ruled on the merits of the case. Jones' claim may or may not succeed on its merits. Nevertheless, in our judgment, Jones has alleged facts sufficient to state a claim for relief. We hold that the Trial Court erred in granting Defendants' motion to dismiss.

Jones also requests that we render a judgment that McIntyre's decision to unilaterally cut short her grievance as invalid mid-process was unlawful. Given our resolution of this appeal, a decision on that issue at this time would not be proper as the only order of the Trial Court before us on appeal is the order of dismissal granting Defendants' motion to dismiss which now has been reversed.

Jones argues finally that the trial judge, in ruling for Defendants on the merits, has prejudged the outcome of the litigation, and she requests that we remand this case to a different trial judge. We find that to be unnecessary as the Trial Judge's error was not one of bias but rather that of applying the wrong legal standard in deciding Defendants' motion to dismiss. We decline to transfer the case to a different trial judge.

In conclusion, we hold that Jones has alleged facts sufficient to state a claim for relief. Namely, our Supreme Court in *Lawrence County* articulated the legal route by which a tenured teacher may bring a direct action to challenge a transfer alleged to be arbitrary, capricious or contrary to applicable law. Taken as true, Jones' allegation that she was transferred arbitrarily without any consideration of her evaluation results could warrant relief. We take no position as to the ultimate outcome of this case. We hold only that the Trial Court erred in granting Defendants' motion to dismiss. We reverse the judgment of the Trial Court, and remand this case for further proceedings.

## **Conclusion**

The judgment of the Trial Court is reversed, and this cause is remanded to the Trial Court for collection of the costs below and for further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellees, the Knox County Board of Education and Dr. James McIntyre.

_____
D. MICHAEL SWINEY, JUDGE