**Imogene B. RANDALL and Harold E. Reynolds, Appellants,**

v.

**Ben A. HANKINS, in his official capacity as Superintendent of Greeneville City Schools; The Greeneville City Board of Education; Hal Henard, David M. Love, Ken Hood, Jr., Ray Adams, and Don Bible, in their official capacities as Members of the Greeneville City Board of Education, Appellees.**

Court of Appeals of Tennessee, Eastern Section.

April 24, 1984.

Charles Hampton White and William Prentice Cooper, Nashville, for appellants.

N.R. Coleman, Jr. with Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, for appellees.

## OPINION

PARROTT, Presiding Judge.

In this chancery cause Imogene B. Randall and Harold E. Reynolds, tenured teachers in the Greeneville city school system, have appealed from the chancellor's dismissal of their suit against the City Board of Education and the Superintendent of the Greeneville City Schools. In this action the appellants are asking for reinstatement of their teachers' position and back pay. It is their insistence that the school board has violated T.C.A. § 49–5–511 which requires plaintiffs to be placed on a preferred employment list.

 In the spring of 1981, because of a lack of funding and reduction in pupils, the plaintiffs' positions were abolished. The superintendent of the Greeneville City Schools admits that the plaintiffs were placed on a "mental" preferred employment list. It is also admitted that during the school years 1982 and 1983 the school board filled positions with nontenured teachers. The reason given for this action was that the school board followed the recommendation of the school superintend-

ent that the plaintiffs were not qualified and were unfit to fill these positions.

T.C.A. § 49–5–511(b)(3) provides:

(3) A tenure teacher who has been dismissed because of abolition of position shall be placed on a preferred list for reemployment in the first vacancy he is qualified by training and experience to fill, provided, however, nothing in this subsection shall be construed to deprive the *board of the power to determine the fitness of such teacher for reemployment in such vacancy on the basis of the board's evaluation of such teacher's competence, compatibility, and suitability to properly discharge the duties required in such vacancy considered in the light of the best interest of the students in the school where the vacancy exists.* (Emphasis ours)

It is clear that through this statute the legislature vested in the school board the duty to determine the fitness of a preferred list teacher. If the determination is made that the teacher is unfit, then the school board may employ another teacher. However, in the absence of a finding of unfitness on the part of the board, the statute clearly mandates that the board must hire the teacher on the preferred list.

 The chancellor in his memorandum opinion noted that "the Court holds that the board of education speaks only through its minutes, and that 'if it does not appear in the minutes it didn't happen.'" The minutes in this record do not indicate that the board ever made any determination of fitness or unfitness regarding these teachers. The minutes of the board do not even mention the names of the teachers.

A witness who attended most, if not all, the school board meetings testified that he never heard the plaintiffs' names mentioned at a board meeting. The superintendent of schools testified that he consulted others and passed on to the board an oral recommendation that the teachers not be employed to fill the vacancies. He says he made a full disclosure to the board of

the qualifications of the plaintiffs as well as the other candidates for the positions and that the board adopted his recommendations.

It was stated that the reason the minutes do not contain any unfavorable or derogatory findings as to fitness is because of a policy of the board not to include any unfavorable comments toward a teacher. The proof, however, shows that while these plaintiffs were employed by the school board, they received nothing but glowing evaluations for their services. It is only since their dismissals that there has been evidence of any unfitness.

The policy of not including any derogatory comments may be commendable, but the statute mandates that the board must determine the fitness and unfitness of the teachers. If a teacher is going to be determined unfit, we do not see how it could be done without unfavorable comment and findings by the board. The board must live up to its statutory duties and responsibilities. In this case the board has not complied with the statute. It has left to the superintendent of schools the power to make a finding that the plaintiffs are unfit. Accordingly, the board, in failing to discharge its responsibilities under the statute, has denied plaintiffs the preference specifically enacted for their benefit.

It results that we find the evidence preponderates against the chancellor's findings, reverse the decree, and remand the cause to the Greene County Chancery Court for the purpose of entering an order directing the board to re-employ the plaintiffs to fill the first vacancy for which they are qualified and a judgment for the financial losses suffered by them from the time the board failed to properly consider plaintiffs for the available positions. See *Gibson v. Butler*, 484 S.W.2d 356 (Tenn.1972).

The costs of the cause are taxed to the defendants.

GODDARD and FRANKS, JJ., concur.